Nov. 20. 2018 2:52PM    No. 0713   P. 4
Case 1:18-cv-00663-JJM-PAS   Document 1-1   Filed 12/09/18   Page 1 of 11 PageID #: 4
id in Providence/Bristol County Superior Court
omitted: 11/15/2018 1:30 PM
elope: 1800813
iewer: Lynn G.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
PROVIDENCE, SC.                                          SUPERIOR COURT

| | |
|---|---|
| MATTHEW MCCARTHY,<br>*Plaintiff*<br><br>v.<br><br>PATTERSON PARK PARTNERS, LLC d/b/a LOCAL 121, alias, CITY OF PROVIDENCE, by and through its Treasurer, James Lombardi, PROVIDENCE POLICE OFFICER, BADGE # 205, alias,<br>*Defendants* | C.A. No.: 2018-8229<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

## COMPLAINT

NOW COMES the Plaintiff Matthew McCarthy ("Mr. McCarthy or Plaintiff") and brings this action against Patterson Park Partners, LLC d/b/a Local 121, City of Providence, by and through its treasurer, James Lombardi, and Providence Police Officer #205, alias, (collectively, "Defendants") to remedy and seek relief for Defendants' actions relating to unlawful discrimination on the basis of disability, in violation of the Federal laws and the laws of the State of Rhode Island.

## PARTIES

1. Matthew McCarthy is a citizen of the State of Rhode Island, residing in Cranston, Rhode Island.

2. Defendant Patterson Park Partners, LLC d/b/a Local 121, is a domestic limited liability company with its principal office located at 121 Washington St., Providence, Rhode Island 02903.

3. Defendant City of Providence is a duly chartered municipality and political subdivision of the State of Rhode Island, is implicated as a defendant through the acts and omissions of the city police, and is sued by and through its Treasurer, James J. Lombardi III, the official designated by state law to be named in a suit for relief against the City.

1

Nov. 20. 2018 2:52PM No. 0713 P. 5
Case 1:18-cv-00663-JJM-PAS Document 1-1 Filed 12/09/18 Page 2 of 11 PageID #: 5
:d in Providence/Bristol County Superior Court
>mitted: 11/15/2018 1:30 PM
/elope: 1800813
/iewer: Lynn G.

4. Police Officer #205, alias, is a member of the providence police force and is, upon information and belief, a resident of the state of Rhode Island.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's claims pursuant to R.I. Gen. Laws § 8-2-14, as the amount in controversy exceeds $5,000.00.

6. Venue is proper in accordance with R.I. Gen. Laws § 9-4-3.

## ADMINISTRATIVE PROCEDURES

7. Pursuant to R.I. Gen. Laws § 45-15-5, at least forty (40) days prior to commencing this suit Plaintiff has presented to the Council for the City notice of Plaintiff's claims against the City, including Plaintiff's factual account of the events.

8. Plaintiff filed a charge of discrimination (RICHR #17 RPD 179-06/06) against Defendants with the Rhode Island Commission for Human Rights ("Commission") on or about August 22, 2018.

9. After investigating Plaintiff's charge of discrimination, the Commission issued a probable cause finding in favor of Plaintiff on or about July 31, 2018, declaring that the Commission had probable cause to believe that Defendants had violated several state civil rights laws concerning disabled persons.

10. The Commission issued Plaintiff a Notice of Right to Sue on or about August 22, 2018, in accordance with R.I. Gen. Laws § 28-5-24.1(c).

## FACTUAL ALLEGATIONS

11. Mr. McCarthy suffers from optic nerve damage and is fully blind in his left eye, as well as equilibrium issues due to his blindness.

Nov. 20. 2018 2:53PM No. 0713 P. 6
In Providence/Bristol County Superior Court
mitted: 11/15/2018 1:30 PM
elope: 1800813
iewer: Lynn G.

12. Mr. McCarthy's partial blindness makes it extremely difficult and dangerous for him to navigate and traverse areas without assistance; his equilibrium issues further compound his visual impairments by affecting his balance.

13. Accordingly, Mr. McCarthy requires the aid of a service dog to help him walk, navigate, and have access to public facilities utilized by the rest of the public.

14. Mr. McCarthy's service dog is an American Staffordshire Terrier named BayBay.

15. The tasks performed by BayBay are directly related to Mr. McCarthy's disability.

16. In particular, BayBay aids Mr. McCarthy by performing tasks such as navigating paths, sidewalks, ascending or descending stairs and inclines, and avoiding obstacles.

17. BayBay is also trained to help Mr. McCarthy get up in the event Mr. McCarthy falls.

18. On or about September 23, 2016, Mr. McCarthy went to the Taproom of Local 121 with BayBay.

19. On this occasion, there was a security guard.

20. The security guard told Mr. McCarthy that he could not bring his dog inside and refused to let him in.

21. Mr. McCarthy tried to explain his right to bring his service dog with him.

22. Mr. McCarthy began recording the conversation on his phone and repeated multiple times to the security guard that the guard was breaking the law and had not given him a legitimate legal reason for him to leave.

23. The security guard became angry and started swearing at Mr. McCarthy and at one point yelled at Mr. McCarthy's dog, "He has to leave. I can physically and forcefully remove you or call the police to physically remove you!"

24. The security guard told another employee, "The dog has to go. I don't want the dog. I would love to put my hands on him but he says he is going to fight, so I'm going to call the cops!"

3

Nov. 20. 2018 2:53PM No. 0713 P. 7
Case 1:18-cv-00663-JJM-PAS Document 1-1 Filed 12/09/18 Page 4 of 11 PageID #: 7
id in Providence/Bristol County Superior Court
omitted: 11/15/2018 1:30 PM
elope: 1800813
ewer: Lynn G.

25. The security guard then turned back to Mr. McCarthy and shouted, "You don't have the fucking right to a fucking answer! I don't have to tell you why I want you to go!"

26. Three police officers were called to the scene.

27. One of them, Officer #205 of the Providence Police told Mr. McCarthy to put his camera away and produce documentation that his dog was a service dog.

28. Mr. McCarthy questioned the officer about the legality of asking him to produce documents.

29. The officer said, "anyone can say that their dog is a service animal."

30. Mr. McCarthy told the officer "Haven't I explained to you Section 2 of the ADA. You do not have the right to ask me for papers."

31. The officer replied, "I'm not getting into all of this now. If you have the documentation I will talk to them."

32. The police officers kept telling Mr. McCarthy that he needed documentation and that Mr. McCarthy needed to show them in order for them to let him in.

33. Mr. McCarthy continued to explain that the law clearly states that he does not need papers under these conditions.

34. Mr. McCarthy had a copy of the ADA document with him and tried to show it to Officer #205, but he would not read it.

35. Officer #205 also said that this was "[his] case, [his] way," and therefore the final decisions were up to him.

36. Mr. McCarthy was not allowed to enter to the Taproom of Local 121.

37. Mr. McCarthy filed a charge of discrimination filed a charge of discrimination with the Commission on or about December 30, 2016 as a result of the incident.

Nov. 20. 2018 2:53PM　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　No. 0713　P. 8
Case 1:18-cv-00663-JJM-PAS Document 1-1 Filed 12/09/18 Page 5 of 11 PageID #: 8
d In Providence/Bristol County Superior Court
omitted: 11/15/2018 1:30 PM
elope: 1800813
iewer: Lynn G.

38. After an investigation, the Commission found probable cause to believe that Defendants had discriminated and continued to discriminate against Mr. McCarthy by refusing to provide him reasonable accommodation and banning him from entering the store because of his disability, which requires the assistance of a service dog.

39. The Commission issued Plaintiff a Notice of Right to Sue on or about August 22, 2018 accordance with R.I. Gen. Laws § 28-5-24.1(c).

40. As a direct and proximate result of Defendants' unlawful and discriminatory actions, Plaintiff has suffered and will continue to suffer immediate and irreparable harm, for which there is no adequate remedy at law.

41. As a direct and proximate result of Defendants' unlawful and discriminatory actions, Plaintiff has suffered and will continue to suffer emotional distress and mental anguish resulting in physical injury, loss of standing in the community, humiliation, and other damages. All damages continue to date.

## COUNT I – DECLARATORY RELIEF

42. Plaintiff hereby incorporates by reference all foregoing paragraphs as if fully set forth herein.

43. An individual has a "disability" under federal and state law if the person has "a physical or mental impairment that substantially limits one or more major life activities" and has "a record of such an impairment" or is "regarded as having such an impairment. 42 U.S.C. § 12102(1); R.I. Gen. Laws § 42-87-1(1).

44. Mr. McCarthy's partial blindness substantially limits at least one major life activity, such as seeing, walking, and reading.

45. Mr. McCarthy's partial blindness has been documented by a physician.

46. Mr. McCarthy has otherwise been regarded as being partially blind and/or visually impaired.

Nov. 20. 2018 2:53PM    No. 0713    P. 9
Case 1:18-cv-00663-JJM-PAS   Document 1-1   Filed 12/09/18   Page 6 of 11 PageID #: 9
d in Providence/Bristol County Superior Court
Submitted: 11/15/2018 1:30 PM
Envelope: 1800813
Reviewer: Lynn G.

47. Thus, Mr. McCarthy is a disabled individual under the ADA and Rhode Island law.

48. Because Mr. McCarthy is disabled individual, he is therefore entitled to the rights and protections of federal and state law that provide for the reasonable accommodation of disabled persons and prohibit discrimination on the basis of disability.

49. An animal is a "service animal" under federal and state law if the animal is "individually trained to do work or perform work for the benefit of an individual with a disability, including a physical, sensory, psychiatric, intellectual, or other mental disability" and "examples of work or tasks include ... assisting individuals who are blind or have low vision with navigation and other tasks...." 28 C.F.R. § 35.104.

50. Mr. McCarthy's partial blindness and/or visual impairment necessitates the assistance of a service dog.

51. Mr. McCarthy's service dog, BayBay is individually trained to perform specific tasks for Mr. McCarthy, such as assisting Mr. McCarthy navigate the area around him since his vision is extremely impaired, as well as helping Mr. McCarthy to his feet in the event he falls due to his equilibrium issues.

52. Mr. McCarthy employs the use of a lead[1] to both serve as a tether and also to serve as a guide, so Mr. McCarthy can sense where to walk and when obstacles are present.

53. Mr. McCarthy maintains control over BayBay through the lead as well as through audible commands.

54. BayBay is housebroken.

55. Thus, BayBay is a service animal under the ADA and Rhode Island law.

---

[1] A lead is synonymous with a leash or tether but are generally shorter and formed of a single length of stiff rope or leather that uses a sliding knot or ring to stay affixed around the neck of the dog.

Nov. 20. 2018 2:53PM No. 0713 P. 10
Case 1:18-cv-00663-JJM-PAS Document 1-1 Filed 12/09/18 Page 7 of 11 PageID #: 10
d in Providence/Bristol County Superior Court
omitted: 11/15/2018 1:30 PM
elope: 1800813
iewer: Lynn G.

56. Because BayBay is a service animal, Mr. McCarthy is entitled to have BayBay accompany him in virtually all public places.

57. Wherefore, Plaintiff prays that this Court grant relief as hereinafter set forth.

### COUNT II – DISABILITY DISCRIMINATION
(DEFENDANT Patterson Park Partners, LLC d/b/a Local 121)
Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*
Equal Rights of Blind Persons to Public Facilities Act, R.I. Gen. Laws §§ 40-9.1-1, *et seq.*;
Civil Rights of People with Disabilities Act, R.I. Gen. Laws §§ 42-87-1, *et seq.*;
Hotels and Public Places Act, R.I. Gen. Laws §§ 11-24-1, *et seq.*;
Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1, *et seq.*

58. Plaintiff hereby incorporates by reference all foregoing paragraphs as if fully set forth herein.

59. Defendant Patterson Park Partners, LLC d/b/a Local 121, is a place of public accommodation and thereby subject to the provisions of Title III of the ADA as well as Rhode Island disability laws.

60. Defendant Patterson Park Partners, LLC d/b/a Local 121 is responsible for the acts and omissions of its employees and agents, committed in violation of the ADA and Rhode Island law, under the doctrine of *respondeat superior*.

61. Defendant Patterson Park Partners, LLC d/b/a Local 121, never inquired whether BayBay was required because of a disability, or what work or task BayBay was trained to perform. See 28 C.F.R. § 35.136(f).

62. Instead, Defendant Patterson Park Partners, LLC d/b/a Local 121, simply refused service despite identification of the service animal.

63. Defendant Patterson Park Partners, LLC d/b/a Local 121, did not permissibly exclude Mr. McCarthy under the ADA or Rhode Island law, because BayBay was housebroken and was never out of control. See 28 C.F.R. § 35.136(b).

64. Alternatively, if BayBay was out of control, Mr. McCarthy promptly took effective action to control her. See 28 C.F.R. § 35.136(b).

Nov. 20. 2018 2:53PM No. 0713 P. 11
Case 1:18-cv-00663-JJM-PAS Document 1-1 Filed 12/09/18 Page 8 of 11 PageID #: 11
d in Providence/Bristol County Superior Court
mitted: 11/15/2018 1:30 PM
velope: 1800813
iewer: Lynn G.

65. Even if Mr. McCarthy's service animal was properly excluded, Defendant Patterson Park Partners, LLC d/b/a Local 121, failed to permit Mr. McCarthy the opportunity to enter and/or remain the building without his service animal. See 28 C.F.R. § 35.136(c).

66. At no point did Mr. McCarthy pose a direct threat to the health and safety of others. See 42 U.S.C. § 12182(b)(3).

67. Mr. McCarthy's civil rights were violated and otherwise infringed upon as a direct and proximate result of Defendant Patterson Park Partners, LLC d/b/a Local 121's discriminatory conduct towards Mr. McCarthy and his service dog.

68. As a direct and proximate result, Mr. McCarthy was harmed in the manners incorporated by reference as stated herein.

69. Wherefore, Plaintiff prays that this Court grant relief as hereinafter set forth.

### COUNT III – DISABILITY DISCRIMINATION
(DEFENDANT CITY)
Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*
Equal Rights of Blind Persons to Public Facilities Act, R.I. Gen. Laws §§ 40-9.1-1, *et seq.*;
Civil Rights of People with Disabilities Act, R.I. Gen. Laws §§ 42-87-1, *et seq.*;
Hotels and Public Places Act, R.I. Gen. Laws §§ 11-24-1, *et seq.*;
Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1, *et seq.*

70. Plaintiff hereby incorporates by reference all foregoing paragraphs as if fully set forth herein.

71. Defendant City is a public entity and place of public accommodation and thereby subject to the provisions of Title II of the ADA as well as Rhode Island disability laws.

72. Defendant City is responsible for the acts and omissions of its employees, committed in violation of the ADA and Rhode Island law, under the doctrine of *respondeat superior*.

73. The City plainly discriminated against Mr. McCarthy when Providence Police removed him from Patterson Park Partners, LLC d/b/a Local 121.

Nov. 20. 2018 2:54PM No. 0713 P. 12
Case 1:18-cv-00663-JJM-PAS Document 1-1 Filed 12/09/18 Page 9 of 11 PageID #: 12
d in Providence/Bristol County Superior Court
mitted: 11/15/2018 1:30 PM
elope: 1800813
iewer: Lynn G.

74. Under the ADA and R.I. Gen. Laws § 40-9.1-3 ("It is unlawful for any person ... to *intimidate, threaten*, or *coerce*, or attempt to threaten, intimidate *or coerce another person* to interfere with any right or privilege secured by" the ADA or Rhode Island public accommodation laws) (emphasis added).

75. In direct contrast to the ADA, which requires both public and private entities and to accommodate disabled persons, Officer #205 was intimidating and coercive to Plaintiff.

76. It is also unlawful under the ADA to "require documentation, such as proof that the animal has been certified, trained, or licensed as a service animal." 28 C.F.R. § 35.136(f).

77. Officer #205 also knowingly or negligently *misrepresented* to the Patterson Park Partners, LLC d/b/a Local 121 employee that service dogs are required to have "paperwork."

78. Baybay is a service animal under the law.

79. Neither Officer #205 nor the Patterson Park Partners, LLC d/b/a Local 121, have the right under the law to request paperwork about Baybay or any other dog represented by its handler to be a service dog.

80. Thus, the City unlawfully denied Mr. McCarthy's right under the ADA and Rhode Island state law to be accompanied by his service animal and discriminated against Mr. McCarthy by knowingly or negligently misrepresenting the requirements of the ADA and Rhode Island disability laws, and threating to arrest Mr. McCarthy for enforcing his rights under the ADA and Rhode Island law.

81. As a direct and proximate result, Mr. McCarthy was harmed in the manners incorporated by reference as stated herein.

82. Wherefore, Plaintiff prays that this Court grant relief as hereinafter set forth.

### COUNT IV NEGLIGENT TRAINING AND SUPERVISION
### (ALL DEFENDANTS)

83. Plaintiff hereby incorporates by reference all foregoing paragraphs as if fully set forth herein.

Nov. 20. 2018 2:54PM No. 0713 P. 13
Case 1:18-cv-00663-JJM-PAS Document 1-1 Filed 12/09/18 Page 10 of 11 PageID #: 13
:d in Providence/Bristol County Superior Court
ɔmitted: 11/15/2018 1:30 PM
/elope: 1800813
/iewer: Lynn G.

84. Defendants owed Plaintiff McCarthy a duty of care to train their employees to understand the requirements of the ADA and Rhode Island disability laws and supervise their employees to ensure compliance with the ADA and Rhode Island disability laws.

85. Defendants breached their duty by failing to properly train their employees to understand the requirements of the ADA and Rhode Island disability laws and supervise their employees to ensure compliance with the ADA and Rhode Island disability laws.

86. Because Defendant's failed to provide adequate training and supervision, Defendant's employees did not know the requirements of the ADA and/or Rhode Island disability laws and were woefully unprepared to respond properly when Mr. McCarthy identified BayBay as his service dog and requested a reasonable accommodation.

87. As a direct and proximate result, Mr. McCarthy was harmed in the manners incorporated by reference as stated herein.

88. Wherefore, Plaintiff prays that this Court grant relief as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court find in favor of Plaintiff and enter judgement against Defendants on all Counts, and for all counts applicable:

   A. Declare that Mr. McCarthy is disabled within the meaning of R.I. Gen. Laws § 42-87-(1) and 42 U.S.C. § 12102(1);

   B. Declare that BayBay is a service animal within the meaning of R.I. Gen. Laws § 40-9.1-1.1 and 28 C.F.R. § 35.136(f);

   C. Order that Defendants attend or implement mandatory disability discrimination training;

   D. Order that Defendants make Mr. McCarthy whole by awarding Mr. McCarthy compensatory damages to remedy:

Nov. 20. 2018  2:54PM  No. 0713  P. 14
Case 1:18-cv-00663-JJM-PAS   Document 1-1   Filed 12/09/18   Page 11 of 11 PageID #: 14
id in Providence/Bristol County Superior Court
omitted: 11/15/2018 1:30 PM
velope: 1800813
Viewer: Lynn G.

a. Economic losses incurred by Mr. McCarthy;

b. Mental anguish, emotional pain, and humiliation suffered by Mr. McCarthy;

c. Violation of Mr. McCarthy's civil rights;

E. Order that Defendants pay punitive damages for all violations of R.I. Gen. Laws §§ 42-87-4 and 40-9.1-3(d);

F. Award Mr. McCarthy attorney's fees and costs for all violations of R.I. Gen. Laws §§ 42-87-4 and 40-9.1-3(d);

G. Where allowable by law, order that Defendants pay post-judgment and pre-judgment interest, at the statutory judgment rate, for all damages from the date the cause of action accrued;

H. Order, for all Counts, such other relief to Mr. McCarthy as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

*PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE*

Filed: November 15, 2018

Respectfully Submitted,

Plaintiff Matthew McCarthy,
By his attorney,

/s/ Paige Munro-Delotto
Paige Munro-Delotto, Ph.D., Esq. #9291
Munro-Delotto Law, LLC
400 Westminster Street, Ste. 200
Providence, RI 02903
Tel: (401) 521-4529
Fax: (866) 593-9755
paige@pmdlawoffices.com